**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                            **Case No. 09-20549**

**v.**

                                        **HONORABLE DENISE PAGE HOOD**

**D-3 MUHAMMAD ABDUL SALAAM,**

    **Defendant.**

_____/

**ORDER AFFIRMING MAGISTRATE JUDGE SCHEER'S ORDER OF DETENTION
AND DENYING DEFENDANT SALAAM'S MOTION TO REVOKE DETENTION
ORDER**

Before the Court is Defendant Salaam's Motion to Revoke Detention Order, filed on November 18, 2009. The Government did not file a Response to Defendant Salaam's Motion to Revoke Detention Order. A hearing on this matter was held on November 19, 2009. For the reasons set forth below, the Court affirms Magistrate Judge Scheer's Order of Detention.

On October 27, 2009, a Criminal Complaint was filed against Defendant Salaam. A detention hearing was held on October 29, 2009. Magistrate Judge Scheer ordered Defendant Salaam detained pending trial. On November 10, 2009, an eleven count Indictment was filed in the instant matter. Defendant Salaam is charged in the Indictment with violating 18 U.S.C. § 371, Conspiracy to Commit Federal Crimes (Count One), namely, 18 U.S.C. § 2315, by "knowingly receiving, possessing, concealing, bartering, selling and disposing of goods, wares and merchandise valued at $5,000.00 or more that Defendants believed had been stolen, unlawfully converted, and thereafter transported across a State boundary into the State of Michigan." Ind. at 2. Defendant

Salaam is also charged in the Indictment for violating, 18 U.S.C. § 922(g); Felon in Possession of Firearm (Counts Nine and Ten), having previously been convicted of felony offenses. *Id.* at 8-9. On November 12, 2009, Defendant Salaam was arraigned on the Indictment, entered a plea of not guilty and his detention pending trial was continued.

## II.     STATEMENT OF FACTS

### A.     Summary of October 29, 2009 Detention Hearing Before Magistrate Judge Scheer

At the hearing before Magistrate Judge Scheer, the Government objected to the pretrial services' report's recommendation that Defendant Salaam be released on an unsecured $10,000.00 unsecured bond. The Government argued that Defendant Salaam poses a flight risk, and in support, argued that in September 2008, Defendant Salaam and co-defendant, Mohammad Abdul Bassir, drove an individual, Abdul Rahim, from Detroit to Pennsylvania in order to protect Mr. Rahim from arrest. It is the Government's contention that Mr. Rahim was involved in a shooting in Detroit, Michigan. In further support, the Government asserted that Defendant Salaam was caught with counterfeit insurance certificates in 2008. Defendant Salaam has five prior felony convictions, one of which was Attempted Felony False Pretenses, in 1985. Defendant Salaam is known to have weapons stored in various residences. A source witness also informed Agent Gary Leone of the Federal Bureau of Investigation ("FBI") that the source witness had watched Defendant Salaam murder someone whom Defendant Salaam believed had murdered his brother. Further, Defendant Salaam is alleged to have been involved in four transactions involving stolen property and transportation of such property over interstate lines. The Government argued that based on this information, as well as Agent Leone's affidavit in support of the Criminal Complaint, that Defendant Salaam should be detained.

Defendant countered that he has substantial ties with the metro Detroit community. He has nine children, six of which reside in the city of Detroit. In support of Defendant's contention that there are conditions which can be imposed that will ensure his appearance at future proceedings in this manner and his lack of danger to the community, Defendant's counsel directed the Magistrate Judge's attention to the pretrial services' report's recommendation that Defendant Salaam be released on a $10,000.00 unsecured bond.

**Magistrate Judge Scheer's Decision**

Magistrate Judge ordered Defendant Salaam detained, entering a written Order on October 29, 2009 which states in relevant part:

> Source information reveals that this defendant is a senior member of Masjid-Al Haqq .... is referred to as "the gun man" because he has large caches of weapons in various locations. One source testified that he witnessed this defendant commit murder....Salaam has a record of employing alias identities and has two convictions for fraud/false pretenses. I view him as a flight risk and an extreme danger to the witnesses in this case. I further view him as a danger to the community by reason of his chronic firearms possession.

Dkt. No. 6.

**B.     Analysis**

18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a de novo hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant

presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). This is not a rebuttable presumption case under § 3142(f)(1). The Court held a hearing on this matter on November 19, 2009.

The nature and circumstances of the current case arise out of the three year investigation of Luqman Ameen Abdullah and his followers who, according to the Government, are located in Detroit and throughout the country. Luqman Ameen Abdullah is the Iman of the mosque known as Masjid Al-Haqq. Defendant Salaam and the other named co-defendants are alleged to be followers of Mr. Abdullah, who was killed at the time the Federal Bureau of Investigation ("FBI") agents went to a warehouse to arrest Mr. Abdullah. It is the Government's contention that Mr. Abdullah is the leader of a nationwide fundamentalist Sunni group consisting of primarily African Americans, whose primary mission is to establish a separate, sovereign Islamic state within the borders of the United States. This separate state is to be ruled by Jamil Abdullah Al-Amin, a/k/a H. Rapp Brown. The Government further contends that Mr. Abdullah calls his followers to an offensive jihad or holy war, as opposed to a defensive jihad, regularly preaches anti-government, anti-law enforcement rhetoric and continuously holds firearms and martial arts training for his followers.

Turning to the specific charges alleged against Defendant Salaam, he is charged in Count

I of the Indictment for conspiring, in four separate transactions, to possess and sell goods that have been stolen and transported across state lines into the State of Michigan. Defendant Salaam is also charged in Counts Nine and Ten with being a felon in possession of a firearm, specifically a Remington 870 Express Magnum shotgun (Count Nine) and a Colt .45 Government Model pistol (Count Ten). As to the weight of the evidence, it appears to be strong as the Government seized the firearms at Defendant Salaam's house after execution of a search warrant on the same date he was being arrested at a separate location. Further, the evidence appears to be strong in relation to the conspiracy charge as the Government has evidence, specifically from an undercover FBI employee and a confidential informant, that Defendant Salaam was involved in four transactions of receipt and disposal of merchandise believed to have been stolen, as these individuals were with Defendant Salaam during these transactions.

As to the next factor, history and characteristics of the defendant, this factor weighs in favor of the Government. Defendant is fifty-three years old with an extensive criminal history. He is wanted on charges with the name 'Gregory Stone', in New York, Detroit and Macomb County. Defense counsel noted at the November 19, 2009 hearing that the Defendant's Failure to Appear in Wayne County, Michigan is in relation a child support order and his other failed appearance was in relation to a traffic offense, and not for violent charges or other serious legal matters. This does not fair well for Defendant's release on bond, as the Court finds it unlikely that Defendant will appear at future proceedings in the present matter as his potential punishment if convicted could reach a maximum of ten years imprisonment and he has failed to appear on far less serious legal matters carrying mild sanctions in comparison. While it is true that all of Defendant Salaam's prior convictions occurred when he was a young man in his early twenties, the Court finds it disconcerting

that many of his convictions are in different names, including, Gregory Stone, and Douglas Shields.

The Court is aware of Defendant Salaam's contention that the allegations in the affidavit supporting the Criminal Complaint are general and come from a confidential informant in regard to the allegation that Defendant Salaam, along with co-defendant Mohammad Abdul Bassir, drove Abdul Rahim from Detroit to Pennsylvania in order to assist Mr. Rahim with evading prosecution for a shooting incident in Detroit. However, the Government represented at the November 19, 2009 that it has other corroborating evidence of this, namely, a taped conversation of Luqman Ameen Abdullah wherein he discusses that Defendant Salaam, and Mohammad Abdul Bassir were still in Pennsylvania with Mr. Rahim, having driven him there so he could avoid arrest for a shooting.

Defendant Salaam paints himself as a family man, with a twelve year relationship with the mother of six of his children, and as an individual with strong ties to the community. However, the Court notes that one of his failed appearances is in relation to a failure to pay court ordered child support, and Defendant Salaam is in arrears in the amount of $30,908.00. Defendant Salaam has been self-employed in the construction trade for over twenty years. Defendant Salaam does not have any current substance abuse problems.

Defendant Salaam is apparently known to the members of the Masjid Al-Haqq as 'gun man' for having a cache of weapons hidden in various residences. This is supported by the Government's seizure of the two firearms which are the basis of the charges in the Indictment. Defendant Salaam is also considered by the Government to hold a significant position within the Masjid Al-Haqq, and is known to be one of the firearms instructors at the mosque. At the November 19, 2009 hearing, the Government presented photographs depicting evidence of target practice in the basement level of a prior location of the Masjid Al-Haqq mosque on Joy Road. While defense counsel asserted that

teaching others to handle and shoot guns is not illegal in this country under the Second Amendment, this is not the case for an individual such as Defendant Salaam, who is a convicted felon.

As to the danger posed if Defendant is to be released, the Court concludes that this factor weighs in favor of the Government as well. The Court is cognizant of Defendant's Salaam's denial of committing a murder of an individual he believed had murdered his brother as an individual charged with committing the murder of his brother was arrested shortly after his death and is currently serving a sentence. However, the Government does have some evidence of Defendant Salaam's involvement in the murder. The Government asserted at the November 19, 2009 hearing that the reason it did not seek murder charges against Defendant Salaam is that the alleged murder occurred over fourteen years ago, and with only one witness to attest to it, the Government did not find this to be sufficient evidence to pursue such charges. This allegation of a prior murder, in combination with Defendant Salaam's possession of firearms and activities with firearms training, notwithstanding his prior felony convictions, leads this Court to the conclusion that the community is exposed to a risk of danger if Defendant Salaam were to be released on bond pending trial.

In conclusion, the Court finds that there is no condition or combination of conditions which will reasonably assure the safety of the community nor the appearance of Defendant at future proceedings.

### III.   CONCLUSION

Accordingly,

IT IS ORDERED that the Magistrate Judge Scheer's October 29, 2009 Order of Detention is AFFIRMED.

IT IS FURTHER ORDERED that Defendant Salam's Motion to Revoke Detention Order

**[Docket No. 60, filed on November 18, 2009]** is DENIED.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: November 20, 2009

     I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2009, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager