UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 09- 20549

v.

        HON. DENISE PAGE HOOD

D-3, MUHAMMAD ABDUL SALAAM,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes the United States, by and through its attorneys, United States Attorney Barbara L. McQuade and Assistant United States Attorneys Cynthia J. Oberg and Kevin M. Mulcahy, and files the Government's Sentencing Memorandum.  For the reasons stated below, the government recommends a 30-month sentence for Mr. Salaam.

I

## FACTUAL AND PROCEDURAL HISTORY

Muhammad Abdul Salaam was a member of the Masjid Al-Haqq mosque in Detroit for several years.  Salaam and the other members of the mosque followed the teachings of Luqman Abdullah, a radical Sunni Islamic fundamentalist who preached violence against United States law enforcement officers generally, and the FBI in particular.  Abdullah was a high ranking member of "The Ummah," which is a nationwide Islamic organization whose principal mission is to establish a separate state within the borders of the United States.

1

Beginning in December 2008, members of the mosque began executing a plan hatched with Luqman Abdullah's explicit approval to steal goods off of interstate trucks. Over the course of about 11 months, Abdullah and his crew engaged in 11 different thefts of goods, ranging from energy drinks, to computers, to televisions. Salaam participated in the final 5 transactions, helping steal approximately $900,000 in merchandise.

Unbeknownst to Abdullah and Salaam, the goods were part of an FBI sting operation. Salaam and several other members of the mosque were arrested on October 28, 2009. On that date, a search warrant executed at Salaam's residence yielded two firearms, to which he has pleaded guilty to possessing.

## II
## THE RELEVANT 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the sentencing guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The most relevant factors are evaluated below, beginning with #4, the sentencing guidelines.

A.  The Advisory Guidelines Range

Despite being advisory, the Guidelines remain an important factor under section 3553(a) in fashioning an appropriate sentence. As the Supreme Court noted in *United States v. Rita*, 551 U.S. 338, 345 (2007), "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives."

Here, there is no dispute that the sentencing guidelines range is 27-33 months in custody. This range encompasses the value of the merchandise Salaam and the others planned to steal, which was just under $900,000, as well as the two firearms he possessed illegally.

B.  Nature and Circumstances of the Offense, and
    the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)

*Nature of the Offense*

On the surface, the offense of conspiring to possess goods stolen from interstate commerce appears to be rather tame. But in this case, the nature of the offense was to gain money for a violent movement aimed at ceding from the United States. Twenty percent of the proceeds from the stolen merchandise was to be paid to the mosque at Luqman Abdullah's direction. And it was Abdullah who led the mosque and taught the violent, anti-American law enforcement rhetoric of the movement. Accordingly, the true nature of this offense was to fund violence against American law enforcement.

For his part, Salaam was known as "'the gun man' because he has a large cache of weapons in various locations." (R. 6: Order of Detention Pending Trial). Consistent with that reputation, Salaam had two firearms in his possession on the date of his arrest, which resulted in two of the three charges to which he pleaded guilty. Given the group's intentions generally, and

3

Salaam's conduct in particular, the nature and circumstances of the offense favor a sentence within the guidelines range.

*History and Characteristics of the Offender*

Salaam's criminal history resulted in zero points, and a criminal history category of I. However, Salaam's criminal history is lengthy and serious. From the age of 19 to 27, Salaam earned seven felony convictions. Those crimes included a weapons offense, breaking and entering, and various swindles. (PSR ¶¶ 51-64). Salaam has two bench warrants outstanding for driving on a suspended license, and the PSR also notes more than 15 other arrests. Although Salaam's seven felony convictions are quite dated, his conduct in this case–especially the firearms possession–demonstrate that his criminal conduct did not cease two decades ago.

    C.    <u>Seriousness of the Offense, Promoting Respect for Law,
Providing Just Punishment, and Providing the Defendant with
Medical Treatment, 18 USC § 3553(a)(2)(A)</u>

As to the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, all of these factors favor a sentence at the middle of the guidelines range. The seriousness of the offenses of conviction is described above, and the punishment for these crimes should reflect that seriousness. As for respect for the law, Salaam's seven felony convictions, various probation violations, and consistent criminal conduct throughout the last four months of the conspiracy support a guidelines sentence.

Providing the defendant treatment appears to be difficult factor to assess. Defendant claims to be clean from a heroin addiction since 1980, but also noted that some of his offenses in the 1990s were "drug motivated." (R. 261: Salaam's Sentencing Memorandum at 4). Moreover, the presentence report listed no other illicit drug use besides the previous heroin addiction.

Should this court deem it appropriate, the government would have no objection to the defendant's placement in one of the drug treatment programs offered by the Bureau of Prisons.

        D.        <u>Deterrence</u>; <u>18 USC §3553(a)(2)(B)</u>

All of the above considerations also impact another consideration of § 3553(a)(2)(B), the need to deter such conduct in the future. Salaam spent several years prior to his involvement with this case without incurring a felony conviction or even an arrest. Yet, Salaam proved during the latter half of 2008 that he was not deterred by his prior encounters with the criminal justice system or his prior time in prison. An appropriate prison sentence here would emphasize that Salaam cannot return to the lifestyle that led to his seven felony convictions in eight years back in his younger days.

        E.        <u>Addressing Salaam's Arguments</u>

In consideration for a downward variance, Salaam claims that neither one of the firearms charged in this case were used to advance the conspiracy and that his incarceration has been harsher than the typical prisoner's. (R. 261: Salaam's Sentencing Memorandum at 4). The terms of his incarceration speak only to safety issues by the BOP, and should not be considered by the Court. To the extent they are considered, they merely underscore the seriousness of the offenses of conviction.

As for the use of firearms by Salaam, the government has no information about Salaam's use of firearms to advance the goals of the conspiracy. However, it is noteworthy that the preaching of Luqman Abdullah focused on meeting law enforcement interdiction with violence, and advising the carrying of guns by his followers. That Salaam followed his leader's teachings in this last regard supports a guidelines sentence.

# III

## CONCLUSION/GOVERNMENT RECOMMENDATION

To fully account for the seriousness of the offense and the history and characteristics of the offender, the United States recommends a 30 month custodial sentence.

        Respectfully submitted,
        BARBARA L. MCQUADE
        United States Attorney

        s/Cynthia J. Oberg
        CYNTHIA J. OBERG
        Assistant United States Attorney
        Eastern District of Michigan
        211 West Fort Street
        Detroit, MI 48226
        (313) 226-9701

        s/Kevin M. Mulcahy
        KEVIN M. MULCAHY
        Assistant United States Attorney
        Eastern District of Michigan
        211 West Fort Street
        Detroit, MI 48226
        (313) 226-9715

February 8, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffery Edison

s/Kevin Mulcahy
KEVIN M. MULCAHY
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9713
E-mail: Kevin.Mulcahy@usdoj.gov